# IN THE COURT OF APPEALS OF IOWA

No. 24-1561
Filed October 15, 2025

**AARON LEE STINDE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

     An applicant for postconviction relief appeals the dismissal of his application as time-barred. **AFFIRMED.**

     Jason Patrick Hallberg of Hallberg Law Firm P.C., Buffalo Center, for appellant.

     Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

     Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.  Telleen, S.J., takes no part.

**LANGHOLZ, Judge.**

One January 2014 evening, Aaron Stinde trapped his girlfriend in a motel room for hours—repeatedly raping her, strangling her to the point of unconsciousness, and beating her. After a bench trial, the district court found him guilty of first-degree kidnapping, three counts of second-degree sexual abuse, domestic abuse assault with bodily injury, and operating a motor vehicle without consent. And we affirmed on direct appeal. *See State v. Stinde*, No. 15-1554, 2016 WL 4802412, at *1 (Iowa Ct. App. Sept. 14, 2016). More than seven years later, Stinde filed this postconviction-relief ("PCR") application alleging that his counsel in his first PCR proceeding was ineffective. The district court dismissed the application as time-barred under Iowa Code section 822.3 (2024) because it was filed more than three years after Stinde's conviction became final.

On appeal, Stinde argues that applying section 822.3—which was amended after the commission of his offenses—to bar his PCR application violates the Ex Post Facto Clause of the Iowa Constitution and the right to counsel in article I, section 10, of the Iowa Constitution. Trouble is, Stinde did not raise either of these issues in the district court. There, he made only general arguments that applying section 822.3 would violate his equal-protection and due-process rights under the Iowa Constitution. Understandably then, the district court also did not decide the issues that he now raises on appeal. Because these issues were neither presented to nor decided by the district court, Stinde failed to preserve error on them. *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022). We thus cannot consider them and affirm the district court's dismissal of Stinde's PCR application.

**AFFIRMED.**